IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GRETCHON WINDELL POWELL, ID # 1607214, Petitioner, | ) ) ) |
| vs. | ) No. 3:13-CV-4805-B (BH) ) |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) Referred to U.S. Magistrate Judge ) ) ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are *Petitioner's Motion for Summary Judgment,* filed May 12, 2014 (doc. 24), and *Motion for Default Judgment,* received June 12, 2014 (doc. 25). Based on the relevant filings and applicable law, both motions should be **DENIED**.

The petitioner moves for summary judgment in his favor on the claims asserted in his petition. The respondent filed a response to the habeas petition but did not respond to the motion for summary judgment. The petitioner now moves for default judgment because the respondent did not respond to the summary judgment.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because the respondent filed a response to the petitioner's federal habeas petition, he has not failed to timely plead or otherwise defend this action. Because the petitioner's summary judgment motion essentially reasserts the same claims as his habeas petition, it is duplicative and unnecessary and should be **DENIED**. The petitioner's motion for default judgment should also be **DENIED**.

**SO RECOMMENDED on this 13th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE